UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALICE OJEWOLE, | Case No. 14-cv-05631-JSW |
|---|---|
| Plaintiff, | |
| v. | **ORDER CONTINUING HEARING AND REQUIRING OFFER OF PROOF** |
| KAISER FOUNDATION HOSPITALS, INC., | Re: Docket No. 44 |
| Defendant. | |

On January 22, 2016, Defendant filed a motion for partial summary judgment, in which it asks the Court to grant summary judgment on Plaintiff's remaining claims of racial discrimination and intentional infliction of emotional distress. (Docket No. 44.) That motion is scheduled for a hearing on February 26, 2016. For the reasons set forth in the remainder of this Order, the Court CONTINUES the hearing to April 8, 2016 at 9:00 a.m.

As a general rule, this Court only allows one summary judgment motion per side. At the initial case management conference, which was conducted on September 4, 2015, the Court set the deadline to hear dispositive motions for August 26, 2016. The Court also set March 24, 2016, as the deadline to complete fact discovery. (*See* Docket No. 41.)

In her opposition brief, Plaintiff argues that she will be able to provide discovery that will support both of her claims, and she contends that the motion should be denied because it is premature. (Opp. Br. at 7:24-8:5.) "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R Civ. P. 56(d).

Plaintiff's brief and declaration do not meet the standards of Rule 56(d). However, the

Court also cannot say Plaintiff could not meet that standard. Therefore, in light of the fact that discovery is not yet closed, the fact that Defendant filed its motion for summary judgment well in advance of the anticipated deadline, and the fact that, in general, the Court allows only one motion for summary judgment per side, the Court will give Plaintiff an opportunity to provide additional support for her argument that she would be able to put forth evidence to respond to Defendant's motion.

By no later than February 22, 2016, Plaintiff may file a detailed factual proffer of the substance of the evidence, and the form in which it would be presented, that she would present to respond to Defendant's motion. By way of example only, if, as Plaintiff contends, she has witnesses she has disclosed to Defendant, she must set forth a brief proffer of the witnesses' anticipated testimony and whether she intends to submit declarations documenting that testimony.[1] After the Court has considered Plaintiff's offer of proof, it will advise the parties whether it will permit the parties to file supplemental opposition and reply briefs, and it will set deadlines to do so. If the Court grants the parties leave to file such briefs, Defendant may raise any objections it has to Plaintiff's evidence in its reply.

If the Court determines that Plaintiff's factual proffer is not sufficient, it will advise the parties, vacate the hearing, and decide the motion on the existing record.

**IT IS SO ORDERED.**

Dated: February 12, 2016

_____
JEFFREY S. WHITE
United States District Judge

---

[1] If that is the case, and if the Court permits the supplemental briefs contemplated by this Order, and if Defendant has not yet deposed these witnesses, it will look favorably on a request by Defendant to permit those depositions to be taken out of time.